UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARTIN JONES, )<br>                              )<br>         Petitioner, )<br>v.                          )<br>                              )<br>CRAIG HANKS, )<br>                              )<br>        Respondent. ) | No. 3:05-cv-64-RLY-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

      When a prison conduct board disciplined inmate Martin Jones ("Jones") in a proceeding identified as No. WVD 04-11-0183 for violating institution rules by being in an unauthorized area, it did so fully honoring his procedural rights as identified in *Wolff v. McDonnell,* 418 U.S. 539 (1974), and on the basis of "some evidence" as required for constitutional sufficiency by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985). "Once the prisoner has been afforded those protections, our role as the reviewing court is limited to determining whether there was sufficient evidence to support the committee's decision." *McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir. 1987).

      Under *Wolff* and *Hill,* Jones received all the process to which he was entitled. The pleadings and the expanded record show that the charge Jones faced was clear. He was given advance notice of the hearing to be held on the charge and his rights at such hearing. He was given an opportunity to make a statement, which he did, and to request witnesses, which he also did. The conduct board's finding was clear and set forth in writing, and the conduct board gave a written statement of the reasons for the sanctions which were imposed.

      With respect to the sufficiency of the evidence, the conduct board considered the conduct report, staff reports, several witness statements, and Jones' statement. The facts favorable to the conduct board's decision are that on November 11, 2004, Jones was seen by Cook II Patricia Donnoe in the food-bank area, looking around. This was at a time when Jones' job description prohibited him from being in that area. He was observed in the same place during the same time by another Food Service worker, J. Mayes. This was at a time when Jones was only assigned to the beverages area and not the food-bank area. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the

petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). Even if the evidence submitted by Jones can be thought to have created a conflict in the evidence, moreover, the resolution of that conflict is a matter for the conduct board, not for a reviewing habeas court. See *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good-time credits has some factual basis. . . ."); *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)).

Jones' further claim that the statement of his witness was not considered is refuted by the record, for the statements of his witness was given in written form and considered by the conduct board. The fact that the conduct board did not credit the information in that statement, and hence did not show that the statement was relied on in reaching the decision that Jones was guilty of the misconduct charged, does not show that the statement was ignored.

There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Jones to relief. His arguments that the protections afforded by *Wolff* were not provided are either refuted by the pleadings and the expanded record or based on assertions which do not entitle him to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana